**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Abdrahman GAMUDI, Defendant—**
**Appellant.**

No. 02–10255.

D.C. No. CR–99–05236–OWW.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 31, 2002.*

Decided Dec. 3, 2002.

Before SNEED, SKOPIL and FARRIS,
Circuit Judges.

**MEMORANDUM**\*\*

Abdrahman Gamudi appeals his sentence imposed following a guilty plea to a multi-count indictment charging him with an unlawful kickback scheme and money laundering. Gamudi claims that the district court erred in imposing a two-level vulnerable victim enhancement. We affirm.

**DISCUSSION**

A district court's factual findings regarding victim vulnerability are reviewed for clear error. *United States v. Medrano,* 241 F.3d 740, 743 (9th Cir.), *cert. denied,* 533 U.S. 963, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001). There was no clear error. The record fully supports the district court's findings that two of the victims were particularly vulnerable due to financial pressures and their recent entry into the job market. Gamudi created a work environment in which he not only demanded kickbacks, but threatened to tarnish the victims' reputations so as to render them unemployable by anyone. The district court appropriately examined all of the

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

circumstances in applying the enhancement.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.